[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 18, 1997, Receiver Madelin filed his final accounting and seeks it approval and the dismissal of his charge as receiver. The Receiver's filing lists the following items for which it seeks credit:
Commissions R. W Management $56,459.27
Management fees 27,565.00
Only these two items are in dispute.
The sum of $56,459.27 which the court shall refer to as the "commission" for the lease extension in 1996, aside from being a payment to its affiliate CB Commercial Real Estate which is CT Page 2186 questionable, but in addition the legal authority for making the payment of a commission was not authorized by the court. The order appointing the receiver fails to specify any authority for payment of a commission. The modification order of the court required court approval of expenses exceeding $1500.00. An executory contract See Wells v. Hartford Manilla, 76 Conn. 27
(1903) did not require adherence to its provisions without court approval. In the event of rejection of an executory contract, the party subject to the contract may be subject to damages but that is not the issue here. The receiver, however, is not legally obligated to pay $56,459.27.
The sum for management fees after expiration of the receiver's appointment, amount to $8480 is not justified by any evidence offered to the court for services rendered after termination of the receivership. Even on a quantum merit basis the court has no evidence before it to justify the charge. It is therefore disallowed as is the commission.
So Ordered.
The Court,
By ____________________________
GEORGE A. SADEN Judge Trial Referee